IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| ALBERT ROSS, *et al.*, | 3:21-cr-00039-TES-CHW |
| *Defendants.* | |

## ORDER DENYING UNOPPOSED MOTION FOR CONTINUANCE IN THE INTERESTS OF JUSTICE

Before the Court is the Government's Unopposed Motion for Continuance [Doc. 451] requesting that this case (which the Court declared complex on October 25, 2021, and March 29, 2023) be continued from the Court's October 2023 Trial Term "to the January 2024 Trial Term." [Doc. 451, p. 2, ¶ 4]; *see also* [Doc. 95]; [Doc. 443]. According to the Government's motion, the lead case agent for the above-captioned criminal case is Special Agent Jamie Hipkiss with the FBI-Athens Middle Georgia Safe Streets Gang Task Force. [Doc. 451, p. 2, ¶ 3]. As reason for its continuance request, the Government further states that Special Agent Hipkiss is also the lead case agent in another criminal matter, *United States v. Crumpton,* set to begin trial during the Court's October 2023 Trial Term. *See* No. 3:22-cr-00012-TES-CHW (M.D. Ga. April 18, 2023), ECF No. 66. Based on that, the Government states that "[b]oth cases will be multi-week trials and, therefore, cannot both be tried in October 2023." [Doc. 451, p. 2, ¶ 3].

In its motion, the Government states that "the above circumstances warrant a finding of excludable delay under the provisions of the Speedy Trial Act . . . and that the ends of justice served by the granting of this continuance outweigh the best interests of the public and . . . [d]efendant[s] in a speedy trial." [*Id.* at p. 2, ¶ 4 (citing 18 U.S.C. § 3161)]. However, the Court remains concerned that to the extent the Government relies on the overlap between *Crumpton* and this case as its sole means to obtain a continuance, it may not do so. *United States v. Wentland*, 582 F.2d 1022, 1024 (5th Cir. 1978)[1] ("The congested state of [a] court's calendar may not be the basis for an excluded . . . continuance[.]").

When it comes to continuances that require "ends of justice" findings, the Speedy Trial Act is clear. 18 U.S.C. § 3161(h)(7)(A). "No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar[.]" 18 U.S.C. § 3161(h)(7)(C). The circumstance relied upon by the Government in support of its motion "constitutes general congestion under the [Speedy Trial] Act and is not a legitimate ground upon which . . . exclude[able] days . . ." may be calculated. *United States v. Johnson*, 990 F.3d 661, 668–69 n.3 (8th Cir. 2021) (citing *Wentland*, 582 F.2d at 1024). The Speedy Trial Act "does not permit exclusion of days caused by [a] court's

---

[1] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts . . . ." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

own scheduling conflicts resulting from a crowded docket." *Johnson*, 990 F.3d at 669.

Therefore, the Court must **DENY** the Government's Unopposed Motion for

Continuance [Doc. 451] because a "crowded calendar" is a "wholly impermissible

[factor] for consideration in support of an [ends-of-justice] continuance." *United States v.*

*Ramirez*, 788 F.3d 732, 735 (7th Cir. 2015). The Speedy Trial Act—and thus, the Court—

requires a different reason for an ends-of-justice continuance.

As stated above, the Government seeks a continuance from October 2023 to

January 2024 for the above-captioned case. [Doc. 451, p. 2, ¶¶ 1, 4]. While the Court

doesn't usually try cases in odd-numbered months like January, it has specially set trial

to begin in this case on January 16, 2024. Notwithstanding the discussion above

regarding the scheduling conflict between this case and *Crumpton*, the Court notes that

Defendant Ranko Lunic filed a Response [Doc. 452] to the Government's continuance

efforts that provides a legitimate reason to exclude time under the Speedy Trial Act. *See*

18 U.S.C. § 3161(h)(7)(B)(ii). In his Response, Defendant Lunic states that he "has not

had sufficient time to review" the "voluminous" discovery that "covers a period of

about 10 years." [Doc. 452, p. 2, ¶ 4].

Thus, the Court **ORDERS** the Government to **MEET** and **CONFER** with all

remaining defendants and present a scheduling order detailing agreed-upon deadlines

for any pretrial motions, voir dire, and at least two proposed dates for a final pretrial

conference with sufficient time for the Court to consider any motions in advance of

January 16, 2024. The scheduling order must be presented to the Court within **30 days** from the date of this Order and should also include a joint motion to continue trial with valid reasons to exclude time so that the Court can properly articulate the factors it considered to support an ends-of-justice continuance. *See United States v. Ammar*, 842 F.3d 1203, 1205–07 (11th Cir. 2016) (citing *Zedner v. United States*, 547 U.S. 489, 506–07 (2006)) (discussing that the "procedural strictness" of the Speedy Trial Act "demands" "express[,]" "on-the-record findings" "about the ends-of-justice balance") (emphasis omitted). If an agreement cannot be reached without involvement from the Court, the Court will, upon such notice, hold a telephone conference to resolve any disputes.

      **SO ORDERED**, this 28th day of April, 2023.

                                S/ Tilman E. Self, III
                                **TILMAN E. SELF, III, JUDGE**
                                **UNITED STATES DISTRICT COURT**